Hyman, C. J.
Plaintiffs sued defendants on their note for $5,000, dated 29th of April, 1862, and payable twelve months thereafter to their own order, and endorsed by them in blank, bearing eight per cent, per annum interest from its maturity.
Compensation was pleaded by defendants against the claim of plaintiffs to the extent of ©1,500, and a tender was made by defendants on the 1st day of June, 1864, to plaintiffs of the sum they claimed, less the ©1,500 pleaded in compensation.
D&fendants rely to sustain their plea in compensation, on a written agreement, as follows:
“It is understood and agreed that for one-half of the commission accruing from a certain draft drawn this day by A. Bernstein, on and *120 accepted by Messrs. Friedlander & Gerson, payable on the 1th day of March, 1861, Messrs. Goldsmith, Haber & Co., became responsible to the acceptors for one-lialf of the amount of said draft, to-wit: fifteen hundred dollars, in the event of the drawer failing to provide funds to meet it at maturity. ”
“April7,1860.” “Goldsmith, Habi"r & Co.”
And, on their payment of the draft, described in this contract, when the failure of Bernstein to provide funds to pay it at its maturity.
On the trial of the case, one witness was sworn in behalf of plaintiffs to prove that defendants had released plaintiffs from the payment of the half of the amount of the draft of Bernstein, as assumed by plaintiffs in their contract with defendants. This witness testified that he was in the employment of plaintiffs in March, 1861. That one of the defendants came to the store of plaintiffs on the 6th or 7th of March, 1861, and exhibited the draft of Bernstein as having been paid by defendants; that a conversation then arose between him and the plaintiffs in reference to the draft, and their contract to pay a half of its amount, and that it was agreed between plaintiffs and defendants, that plaintiffs should waive their commissions on the draft, and should be relieved from the payment of a half of its amount.
The commercial books of plaintiffs were brought into Court at the instance of defendants, and offered in evidence, and on the fly-leaf of their book, styled “Bills Payable,” a charge appears to have been made against Bernstein for the acceptance of the draft, and it appears to have been erased a few days after the maturity of the draft.
The witness is unimpeached ; his evidence is uncontradicted, and we think reliance should be given to it. It is corroborated' by the charge and erasure in plaintiffs’ Bills Payable book; for it is clear that some arrangement must have been made to induce plaintiffs to erase their charge against Bernstein, which by their agreement with defendants they thought they were entitled to.
The evidence of this witness, being corroborated by plaintiffs’ commercial books, the question whether the evidence of one witness is insufficient proof of an agreement to annul a contract over $500, without corroborating circumstances, which was presented in argument by defendants, is not before us for consideration.
It appears from the evidence that plaintiffs have received the sum tendered by defendants.
The judgment of the District Court is in favor of defendants, allowing their plea in compensation; and the plaintiffs are appellants therefrom.
It is decreed that the judgment of the District Court be annulled and reversed; and it is further decreed that plaintiffs recover of defendants the sum of one thousand five hundred dollars, with interest thereon at the rate of eight per cent, per annum, from the first day of June, 1861, till paid, and the costs of suit; and it is further decreed that the claim set up by defendants in compensation be rejected.